**Christopher E. FITE, Plaintiff–Appellant,**

v.

**THE HOOVER COMPANY, Defendant–Appellee,**

International Brotherhood of Electrical Workers, Local Union No.1985, AFL–CIO, Defendant.

No. 01–4069.

United States Court of Appeals, Sixth Circuit.

April 30, 2002.

Before KRUPANSKY and BOGGS, Circuit Judges; LAWSON, District Judge.*

*ORDER*

Christopher E. Fite appeals a district court grant of summary judgment for defendant in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Fite filed his complaint in the district court by counsel alleging that he was fired from his job with defendant because of his race (African–American). Plaintiff named as defendants his employer and his union and sought compensatory and punitive damages and reinstatement. Thereafter, plaintiff filed an amended complaint and voluntarily dismissed his action with respect to the defendant union. Plaintiff and the remaining defendant employer each moved for summary judgment, and defendant responded in opposition to plaintiff's motion. The district court granted defendant's motion and granted summary judgment for defendant. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that the district court erred in granting defendant's

motion for summary judgment. The defendant employer responds that the district court's judgment was proper. In addition, the defendant employer moves to strike plaintiff's notice of joint appendix, to dismiss the appeal, or to compel plaintiff to file a proper joint appendix. Upon de novo review, *see Brooks v. American Broad. Cos.*, 932 F.2d 495, 500 (6th Cir. 1991), we will grant defendant's motion to strike, and affirm the judgment for the reasons stated by the district court in its memorandum of opinion and order dated September 21, 2001.

■ The Supreme Court established a three-party framework for the allocation of proof in employment discrimination cases. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff has an initial burden of establishing a prima facie case of racial discrimination by showing that he: (1) is a member of a protected class; (2) was subjected to an adverse employment action; (3) was qualified for the position; and (4) was replaced by a person outside of the protected class. *Id.* at 802, 93 S.Ct. 1817. Under plaintiff's disparate treatment theory, a prima facie case includes a showing that a similarly-situated non-protected employee received better treatment for the same or similar conduct. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir.1992). Here, the district court correctly concluded that plaintiff cannot show that he was treated more harshly than a similarly-situated non-protected employee.

■ Finally, defendant's motion to strike is granted. Plaintiff apparently did not comport with court rules in preparing the appendix. In addition, defendant correctly notes that plaintiff includes additional legal argument, including scurrilous attacks on the district court and defense counsel, and has included extraneous documents not of record in the appendix. Accordingly, the motion to strike is granted. However, no further sanction is warranted given plaintiff's pro se status.